# Louisville & Nashville Railroad Company *v.* York, Admrx, etc.,

*Action for Injuries Resulting in Death.*

128 | 305
142 | 126

1. *Employer's Liability Act; willful, wanton or intentional wrong.*—Under the Employer's Liability Act (Code, § 1749), there may be a recovery for willfulness, wantonness or intentional wrong.

2. *Same; same; contributory negligence.*—Contributory negligence is no defense to a count in a complaint under the Employer's Liability Act (Code, § 1749), for willfulness, wantonness or intentional wrong.

3. *Action by employee against employer; sufficiency of complaint.*—A count in a complaint brought by the personal representative of a deceased employee against the employer, which charges that the injury resulted from the failure of the employer to discharge its duty to its employees by neglecting to provide rules for signals to engineers of

[Louisville & Nashville Railroad Co. v. York, Admrx., etc.]

switch engines in a yard where there are many tracks, and where two or more engines are employed near each other at night, it being averred that the signals used were the same for all engines and that plaintiff's intestate was killed in consequence of the engineer of the engine with which he was working mistaking a signal intended for another engineer, states a good cause of action at common law.

4. *Same; same.*—A count in a complaint brought by the personal representative of a deceased employee against his employer for damages on account of injuries causing death, which avers that the injury was received while the intestate was rightfully in discharge of the duties of his employment by the negligence of a fellow servant in charge of an engine which was so carelessly handled as to produce the injury, is sufficiently certain and definite and states a good cause of action.

5. *Same; relevancy of eviden. e.*—In such case where the facts are in dispute as to whether the injury was caused by the engineer, in charge of the engine causing the injury, mistaking a signal intended for another engineer, or whether the intestate gave the signal for the purpose of coupling cars, evidence tending to show that the intestate knew that the coupling could not be made is relevant to the issue.

6. *Same; evidence of earnings.*—In such case evidence that deceased was laying by earnings up to the time of his death for a home is competent on the measure of damages suffered by his next of kin.

7. *Same; evidence.*—In such a case it is competent to ask a witness for defendant on cross-examination if since the injury and at the time of the trial he was not working under the employee whose negligence it is alleged caused the injury.

8. *Same; same.*—Where the defendant's testimony tends to show that the engine causing the injury was moved in response to a signal from the intestate, it is competent in rebuttal to show by a witness, that he was in a position to see intestate at the place he was alleged to have been when the signal was given and did not see him there nor any signal given.

9. *Same; argument of counsel.*—Where a witness for defendant has not been excused from the rule, it is legitimate argument for plaintiff's counsel to remark that he "of all the witnesses should have been put under the rule."

10. *Same; argumentative charge; charge assuming unproven facts.*—It is not error to refuse an argumentative charge or one assuming facts not established.

[Louisville & Nashville Railroad Co. v. York, Admrx., etc.]

11. *Same; charge upon effect of evidence in dispute.*—A charge upon the effect of evidence which is in conflict is properly refused.

12. *Same; charge as to negative testimony.*—A charge that one in a position to hear a bell ring does not hear it, is no evidence that the bell was not rung, is properly refused; since though negative testimony it is for the jury to determine its weight.

13. *Same; method of coupling cars; absence of rule.*—In the absence of a rule, at least, prescribing the method of coupling cars it is competent to show the habit, custom and duty of employees in making couplings and it cannot be affirmed that the use of the hands is outside the line of the employees' duty.

14. *Assignments of error not insisted upon.*—This court will not consider assignments of error not insisted on, but the same will be treated as waived.

14. *Demurrer to complaint; error without injury.*—Where a complaint in an action for injuries resulting in death contains several good counts the action of the court below in overruling a demurrer to another count asserting that same cause of action, if error, is without injury.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This action was brought by Mary E. York, as administratrix of her deceased husband, to recover damages for injuries received by her intestate while in the employ of the defendant. The complaint contained six counts, some charging willfulness and other simple negligence. The third count relied upon the failure of the defendant to discharge its duty to its employees rather than the negligence of a fellow servant. The fourth count charged willful wrong. The sixth count averred that plaintiff's intestate while rightfully in the discharge of his duties as an employee of defendant, was crushed and killed between two cars of defendant by reason of the carelessness of one Sharp, who was in charge of defendant's engine. A demurrer to each of these counts was overruled. One of the material facts in dispute was whether the engine which, in charge of defendant's employee Sharp, caused the injury, was moved in response to a signal from plaintiff's intestate or in consequence of a signal intended for an-

other engineer. The other facts necessary to an understanding of the points decided sufficiently appear in the opinion. There were verdict and judgment for plaintiff for $7,656.74, after which defendant moved for a new trial, which motion was denied. From the judgment in favor of plaintiff and the one overruling the motion for a new trial, defendant appeals.

THOS. G. and CHAS. P. JONES, for appellant.

BANKS & SELHEIMER and LANE & WHITE, for appellee.

McCLELLAN, C. J.—This action is prosecuted by Mrs. York, as administratrix of her deceased husband, against the Louisville & Nashville Railroad Company, under the employer's liabiity act, for damages for his death. There was judgment for plaintiff, from which defendant appeals. The position taken by counsel for appellant that there can be no recovery for wantonness, willfulness, or intentional wrong under said act, now section 1749 of the Code, has been adjudged untenable in the recent case of *Southern Railway Co. v. Moore, infra.* The further contention for appellant, that, even granting that a recovery in this class of cases may be rested upon wanton, willful, or intentional misconduct, yet, inasmuch as such recovery is a punishment of the employer for the willful wrong of one employé causing the death of another employé, it should never be allowed when the injured party's own negligence contributes to the result, proceeds on the mistaken idea that such recovery is punitive, which is not, but purely compensatory; and the theory is that the employer should make compensation for injuries purposely inflicted, notwithstanding negligence on the part of the injured party, because the injury is in no degree ascribed to such negligence, but is the result solely of the effectuation of the evil purpose of the wrongdoing employé. The position, to our minds, takes no account of the consideration that negligence on the part of the injured employé can only coalesce and combine with the same quality of act on the part of the employé in-

flicting the injury,—with his negligence, and not with his intentional wrong,—to the relief from liability of the common employer; and it is in the teeth of numerous decisions of this court.    Upon the foregoing considerations we rest our conclusion that the fourth count states a cause of action, and that the intestate's negligence is no defense to it.

The third count also states a cause of action, in our opinion.    It is not drawn under the employer's liability act, but counts upon the duty which the defendant directly owed its employés, and neglected to perform, to establish and promulgate rules and ·regulations for signaling to engineers of switch engines, in a yard where there were many tracks, and where two or more engines are employed near each other at night, so that the engineers would be able to distinguish the signals intended for them respectively, it being averred in the count that the signals used were the same for all the engineers, and that plaintiff's intestate was killed in consequence of the engineer of the engine with which the intestate was working mistaking a signal intended for another engineer, and moving his engine accordingly.—Bailey, Master's Liability, 71 *et seq.*

The sixth count shows with sufficient clearness and certainty that intestate was rightfully between two cars; that the engineer so negligently and carelessly operated his engine as to cause said cars to come together, thereby crushing and killing intestate.    The demurrer to this count was properly overruled; and, if it be conceded that the demurrer to count 5 should have been sustained, it is yet clear on the whole case that the error committed in overruling it did not prejudice the defendant.    There was, as indicated above, evidence tending to show that the engine was moved so as to catch intestate between cars and crush him to death in mistaken response to a signal given by one of the crew of another nearby engine, and intended for the engineer of the latter.    On the other hand, the engineer in charge of the engine so moved testified that the intestate himself gave the signal to move his engine, so as to bring the cars together to be coupled.    As bearing on the issue thus made, it was competent to show that,

on account of the difference in the couplers of the cars to be coupled, the absence of a pin, etc., the operation could not be performed with the means then at hand; there being also evidence from which the jury might have inferred that the intestate knew of the difficulty, as tending to prove that the intestate did not signal for the cars to be brought together to be coupled, since it was to his knowledge a fact that the coupling could not be made.

Of course, evidence going to show that deceased was, before and up to his death, laying by a part of his earnings in paying for a home, was competent on the measure of damages suffered by his next of kin in consequence of his death.

The testimony of the witness Martin as to the habit, custom or duty of foremen of switching crews to make couplings, etc., properly tended to show that the intestate was acting in the line of his duty at the time he was killed.

The question: "Have you been ever since that time, and are you still, working under Mr. Sharpe, as fireman?" was properly allowed on the cross-examination of defendant's witness Morgan.

The testimony, in rebuttal, of Calvin Jones, that, from the position occupied by him at the time it was testified by the engineer the intestate gave him the signal in accordance with which the engine was moved, he could have seen the intestate in the position he was said to be when he gave the alleged signal, and that he did not see him there, nor any signal given, was pertinent to the inquiry whether the engine was moved on intestate's signal or upon the signal from a member of the other crew and intended for the other engine.

The purpose to be subserved in putting witnesses under the rule is that they may not be able to strengthen or color their own testimony, or to testify to greater advantage in line with their bias, or to have their memories refreshed—sometimes unduly—by hearing the testimony of other witnesses. And it is legitimate argument against the veracity or fairness of a witness to say that his testimony has been developed along the lines

of his inclination in the case by the opportunities he has had from hearing the other witnesses, to refute them, or to amplify his own statements to meet the exigencies of the trial. Involving this idea, and of this class of argument, was the statement by plaintiff's counsel that Sharpe, a witness for the defendant whom the court excused from the rule, "of all the witnesses should have been put under the rule"; and the court committed no error in refusing to instruct the jury to disregard that part of the argument.

Another point for our consideration arose and was reserved as follows: During the argument of the case the defendant's counsel, Mr. Walker, contended that the defendant was not liable to the plaintiff for any damages. Judge Banks, counsel for the plaintiff, in the opening speech made by him to the jury, made a calculation which he contended showed that the plaintiff was entitled to between $7,000 and $8,000 as damages. Captain F. S. White, in the closing argument made by him to the jury for the plaintiff, when discussing the amount of damages, he contended the plaintiff was entitled to, stated to the jury that Mr. Walker had not denied the statement made by Judge Banks that the plaintiff was entitled to between $7,000 and $8,000, if entitled to recover. With reference to this matter, defendant requested two charges, as follows: "7. I charge you, gentlemen of the jury, that the defendant's counsel denies, and has denied in their argument, that the defendant is liable for any amount of damages in this case." "8. I charge you, gentlemen of the jury, that the defendant's counsel denies, and has denied in their argument, that the defendant is liable for any amount of damages in this case, and the statement made in the argument by the plaintiff's counsel, who has closed this case, that Mr. Walker has not denied the statement made by Judge Banks, that the plaintiff was entitled to between $7,000 and $8,000, is very improper, and should not have been made, and you will pay no attention to it." These charges are patently mere arguments, intended to meet what was supposed to be an argument advanced by plaintiff's counsel in conclusion of the case; and for that reason they were

well refused. Moreover, that numbered 7 is bad for assuming, and that numbered 8 for asserting, that plaintiff's counsel had made the statement that Mr. Walker had not denied the statement made by Judge Banks, that plaintiff was entitled to between $7,000 and $8,000. What plaintiff's concluding counsel had said was that Mr. Walker had not denied the correctness of Judge Banks' statement as to the *amount* plaintiff was entitled to recover, if she was entitled to recover at all; and not that Mr. Walker had in any way admitted or failed to deny plaintiff's right to recover anything.

The evidence of Calvin Jones tended to show that deceased did not give any signal to the engineer. There was other evidence tending to show that the signal upon which the engineer acted was given by the crew of the other engine. Hence charges 1 and 4, that if the jury believe the evidence they must find that York, the deceased, gave the signal to move the engine and cars forward, were properly refused.

We do not think it can be affirmed, as postulated in charge 6 refused to the defendant, that the fact that one in a position to hear a bell, does not hear it, is no evidence that the bell was not rung, even though he admits he was "paying no attention, and that the bell might have rung, and he might not have heard it ring."

What we have said as to the evidence upon the habit, custom or duty of foremen in making couplings will suffice to dispose of the exception to the court's refusal to give charge 2. The business of York was to get these cars coupled together. It may be that his position as foreman might have enabled him to accomplish this end without the laying on of his own hands, but it by no means, follows, certainly not in the absence of an express rule to the contrary, that in laying on his own hands, as occasion might seem to him to require to the proper and expeditious doing of the work, he was acting outside the line of his duty and employment.

The other exceptions to the action of the trial court upon charges requested by defendant are not insisted on.

[Louisville & Nashville Railroad Co. v. Stewart.]

Upon a critical review of the motion for a new trial and the action of the court thereon, we have reached the conclusion that the motion was properly denied on its merits.

Affirmed.