# Northern Alabama Railroad Co. *v.* Shea.

*Action to recover Damages for Personal Injuries.*

1. *Averment of negligence; sufficiency thereof.*—A count that avers that the train of cars upon which plaintiff was in discharge of his duties as a brakeman was derailed, and plaintiff thereby injured, in consequence of its being run by the engineer at a rate of speed which was dangerous and reckless, contains a sufficient averment of neligence.

2. *Action for negligence; sufficiency of complaint; averment of name of party to whose negligence injury is imputed.*—In an action against a railroad corporation by an employe thereof to recover damages for personal injuries, where it is alleged in the complaint that the injury was caused by defects in the track of the defendant, which defect arose from or had not been discovered or remedied owing to defendant's negligence or the negligence of some person entrusted by defendant with duty of seeing that the track was in proper condition, it is not necessary to aver the name of the person so entrusted with such duty.

3. *Same; same; same; plaintiff need not aver that he had made diligent effort to ascertain negligent engineer's full name.*—A count alleging that plaintiff's injuries were caused by the negligence of ———— Gould, whose given name is unknown to plaintiff and who was the engineer in charge of the locomotive pulling the train, upon which plaintiff was employed as brakeman, and that said engineer so negligently and carelessly managed his engine as to throw some of the cars from the track, resulting in the injury to plaintiff, suffi-

ciently charges negligence; and it in effect avers the surname of the engineer and that his christian name is unknown to the plaintiff. It is not necessary for plaintiff to aver that he had made diligent effort to ascertain the engineer's full name, but had failed to ascertain it.

4. *Expert testimony; competency to testify as to condition of railroad track.*—A witness who is shown to be skilled and experienced in respect of track conditions and track constructions, is competent to give opinions as to the defective and unsafe condition of a railroad track.

5. *Same; case at bar.*—A witness who had had long experience as a brakeman, whose duties had to do with the regulation of the speed of the train under the varying circumstances incident to a railway, according to curve, grade, etc., is qualified to give his opinion on each of these matters, and to state that a train, at a particular time and place, was running at a dangerously high speed.

6. *Motion for a new trial on ground that verdict was contrary to evidence.*—Where each count of a complaint is supported by tendencies of the evidence, which make a case, under each, for the determination of the jury, a motion for a new trial on the ground that the verdict was contrary to or not sustained by the evidence, is properly overruled.

7. *Proof of averment in complaint; common knowledge of jury.* An averment in a complaint that "the rails were insecurely fastened to the cross ties" is sufficiently proved, if the evidence shows that ties were *rotten,* the jurors common knowledge being sufficient to afford them necessary assurance that rotten wood will not hold a rail or spike.

8. *Defective track conditions; trainmen do not assume risks thereof.* It is not the duty of trainmen but of other employes to see that the track is safe and kept in proper condition, and, therefore, trainmen do not assume the risk of defective track conditions.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. ED B. ALMON.

This was an action brought by the appellee, R. E. Shea, against the appellant, The Northern Alabama Railway Company, to recover $1,999, as damages for personal injuries sustained by the plaintiff, while acting as a brakeman in the service of the appellant corporation. The 5th, 6th and 8th counts of the amended complaint (demurrers having been sustained to the other counts) con-

tain the following averments: (5.) "And plaintiff avers that his injuries resulted from the negligence of ——— Gould, whose given name is unknown to the plaintiff, and who was the engineer in charge of the engine which was pulling a train of cars on the defendant's road, and said negligence consisted in this: the said engineer was running said engine and train of cars at a dangerous and reckless rate of speed, so that some of the cars were derailed and plaintiff was thrown from the top of a car and damaged as aforesaid." (6.) "And plaintiff avers that his injuries were caused by a defect in the track then and there used by the defendant, which defect consisted in this, to-wit: the rails of the track were old and worn, the cross-ties rotten, rails insecurely fastened on the cross-ties; the track was insufficiently ballasted so that on account of said defect some of the cars were derailed, and plaintiff was thrown from the top of a car and suffered damages as aforesaid; and plaintiff avers that said defect rose from or had not been discovered or remedied owing to the defendant's negligence, or the negligence of some person in the service of the defendant, and intrusted by the defendant with the duty of seeing that said track was in proper condition, the name of said person being unknown to the plaintiff." (8.) "And plaintiff avers that his injuries were caused by the negligence of one ——— Gould, whose given name is unknown to plaintiff, and who was an engineer, and who then and there had charge of the locomotive which was pulling the train of cars upon which plaintiff was engaged as brakeman, and said negligence consisted in this, the said engineer so negligently and carelessly managed his engine as to throw some of the cars which were being drawn by said engine from the track, whereby the plaintiff was thrown from the top of a car and injured and damaged as aforesaid." Defendant demurred to the 5th count on the grounds that "1st. No facts are alleged showing that said alleged rate of speed was negligent, reckless or dangerous. 2d, The rate of speed is not alleged; 3d, It is not shown or alleged how or in what way or by reason of what facts or circumstances said rate of speed was negligent, dangerous or reckless." Defendant

demurred to the 6th count on the grounds that: 1st. "It is not shown thereby whether said alleged defect was due to the negligence of defendant or to the negligence of some particular employe of defendant; 2d, It is not shown thereby what was the official position of said person entrusted by defendant with the duty of seeing that its track was in proper condition." Defendant demurred to the 8th count for the same reasons as are assigned to the 5th count, and, also, upon the following grounds: 4th. "The facts constituting said alleged negligence are not stated with sufficient particularity; 5th, It is not shown in what respect or in what way said engineer was negligent. 6th. It is not shown that said engineer's name could not be ascertained by plaintiff by use of reasonable diligence." The court overruled each of the foregoing demurrers, to which ruling the defendant excepted and assigns same as error. Issue was joined on pleas of general issue and contributory negligence, in short by consent. The testimony for the plaintiff showed that the train was running, at the time of the accident, from fifteen to twenty miles per hour, that the grade was very steep, and that in the conditon of the track, eight to ten miles per hour would be a safe rate of speed. The section foreman, a section hand, a brakeman on the wrecked train and the plaintiff testfied that the rails were badly worn, that the ties were rotten and that the track needed ballasting. The section foreman testified that he had noticed the bad condition of the track several months before; that he endeavored to repair same with such material as was at his disposal but that there was not sufficient material to repair same properly. The plaintiff asked this witness whether he would consider, from his experience as a railroad man, that the track was a safe one, to which witness replied that he would not call it a safe track. To this question and the answer thereto, defendant objected on the ground that it was merely the conclusion of the witness. The court overruled these objections and defendant excepted. Plaintiff's counsel asked plaintiff "whether or not the rate of speed of 18 or 20 miles an hour at that point, with the train loaded as it was, was a dangerous rate of speed for the train to make," to

which plaintiff replied that the train was going at a dangerous rate of speed. He was also asked by counsel, "Would fifteen miles an hour or twelve miles an hour have been a dangerous rate of speed at that time and place, loaded as the cars were," to which plaintiff replied that it would. To these questions and the answers thereto defendant objected. The court overruled the objections to which defendant excepted. The testimony for the defendant tended to show that the track was in fairly good condition and the speed of train, eight to ten miles an hour.

The defendant requested the affirmative charge as to the whole complaint and each count thereof, and also the following special charges: (21.) "If the jury believe from the evidence that the defects or defective condition of the track, if any existed at the time plaintiff became a brakeman for defendant, it was his duty to inform himself of them, and if he failed to do he assumed the risks thereof." (26.) "If you believe from the evidence that plaintiff is entitled to recover, you cannot award any damages on account of mental or physical suffering he has sustained since the injury." The court refused to give above charges, to which defendant separately excepted.

There were verdict and judgment for plaintiff, assessing his damages at $1,999. Defendant filed a motion for a new trial, on the grounds that the verdict was excessive, the amount of same was not justified by the evidence as to the damages sustained; that it was not shown that plaintiff's injury was permanent; because, under the allegations of the complaint, plaintiff was not entitled to recover damages for mental and physical pain and suffering after the day of the injury and up to the time of the trial; because the verdict was contrary to great weight of the evidence in this: that the weight of the evidence did not show that the injury was caused by the defective condition of the track or by the negligence of the engineer. Said motion was denied and defendant duly excepted.

From above judgment, defendant appeals and assigns as error the various rulings of the trial court upon the

pleadings and evidence, upon the charges requested by the defendant, and the overruling of defendant's motion for a new trial.

HUMES, SHEFFEY & SPEAKE, for appellant.—A rate of speed is dangerous or not, according to the circumstances. No rate of speed is *per se* negligence. Sistrunk's case, 85 Ala. 352-358. The allegation that it was reckless and dangerous is a statement of but the mere conclusion of the pleader.—*L. & N. R. R. Co. v. Teguor*, 125 Ala. 593; *McGhee v. Reynolds*, 117 Ala. 413. In suits by employes the burden is on the employe to bring himself within the terms of the statute by his pleading and proof; as he could not recover without proving the official position of the person who failed to remedy or discover the defect, he should be required to allege it, or to show his inability to find it out. 114 Ala., 191; 100 Ala., 187; 110 Ala., 185. A count not giving the given name of an alleged negligent engineer, should state that he had made an effort to find it out, and had been unable to do so by the exercise of reasonable diligence. *So. Ry. Co. v. Cunningham*, 112 Ala. 496. Evidence by an engineer and brakeman that a track is unsafe and dangerous, and as to the speed being dangerous, is but the conclusion of the witnesses. *Boland v. L. & N. R. R. Co.* 106 Ala. 641; *L. & N. R. R. Co. v. Teguor, supra.*

Not only was there no evidence that the alleged defect in the track caused the wreck, but there was positive evidence that it did not. *Davis v. Miller*, 109 Ala. 589. Where the evidence leaves the cause of the injury unproved, it cannot be attributed to defendant's negligence. *Saucr v. Union Oil Co.*, 9 So. Rep. 566, *Tanney's case*, 129 Ala. 523.

There is no proof that the rails were "insecurely fastened to the cross ties." This was descriptive matter and burden was on plaintiff to prove it.—*L. & N. R. R. Co. v. Coulton*, 86 Ala. 129; *M. & O. v. George*, 94 Ala. 199, 219; *Armstrong's case*, 123 Ala. 233; 94 Ala. 413-418.

In case at bar, there was no evidence that engineer knew of the bad condition of the track, unless it was an obvious defect, with knowledge of which he was chargeable. If this, plaintiff was also so chargeable and assumed

[Northern Alabama Railroad Co. v. Shea.]

the risk of it or was guilty of contributory negligence in continuing in the service in its face. If an employe voluntarily undertakes to do work, the danger of which is obvious, he assumes the risk thereof.—*So. Ry. v. Guyton,* 122 Ala. 231; *Worthington v. Goforth,* 124 Ala. 656. Employe must use reasonable care to observe dangers. If the defect is obvious, knowledge thereof will be presumed.—*Sloss I. & S. Co. v. Knowles,* 129 Ala. 410.

Damages were excessive. The broken bones were reset, the injury could not be said to be permanent; he had no medical expenses. Was not entitled to recover punitive damages.—*Richardson v. Cotton Mfg. Co.* 116 Ala. 381; *B. R. & E. Co. v. Ward,* 124 Ala. 409. Verdict was contrary to evidence. Cause of wreck shrouded in uncertainty. *Tinney's case,* 129 Ala. 523.

A. H. CARMICHAEL, *contra.*—Averments in pleading required by Code, in this cause, are but little more than conclusions of pleader, leaving the facts to be brought out in the evidence.—*Ga. Pac. Rwy. Co. v. Davis,* 92 Ala. 300; *L. & N. v. Hawkins,* 92 Ala. 241; *K. C. M. & B. R. R. Co. v. Burton,* 97 Ala. 240. Citing as to negligence; *L. & N. v. York,* 128 Ala. 305; *Laughran v. Brewer,* 113 Ala. 509; *L. & N. v. Hawkins,* 92 Ala. 241; *A. G. S. R. R. Co. v. Bailey,* 112 Ala. 167.

Witnesses having shown themselves to be expert in their trade, may give expert testimony. Proper that jury should have benefit of their evidence, to be taken in connection with the other evidence.—*A. G. S. R. R. Co. v. Hall,* 105 Ala. 599; *Buckalew v. Tenn. Co.* 112 Ala. 146; *Culver v. Ala. Mid. Ry.* 108 Ala. 330.

There was evidence to support all the counts. A train man has the right to assume that the road bed and all appliances are in a safe and suitable condition.—*Ga. Pac. Ry. Co. v. Davis,* 92 Ala. *K. C. M. & B. v. Webb,* 97 Ala. 157.

Plaintiff having made out his case, is entitled to recover physical and mental suffering.—*A. G. S. R. R. Co. v. Bailey, supra.* New trial should not be granted unless verdict is clearly wrong and unjust. Verdict was not excessive.—*K. C. M. & B. R. R. Co. v. Lackey,* 114 Ala. 112.

McCLELLAN, C. J.—We read the fifth count to aver that the train of cars upon which plaintiff was in discharge of his duties as a brakeman was derailed, and plaintiff thereby injured, in consequence of its being run by the engineer in charge at a rate of speed which was reckless, that is, negligent and unregardful of consequences, and dangerous. This is a sufficient averment of negligence under the decisions of this court. It is much the same as an averment that the engineer so negligently run his engine as to cause the derailment and injury to plaintiff.—*Louisville & Nashville Railroad Company v. York Admrx.*, 128 Ala. 305, 309.

The averment of the 6th count that the defect in defendant's track which caused the injury "arose from or had not been discovered or remedied owing to the defendant's negligence, or the negligence of some person in the service of the defendant and entrusted by the defendant with the duty of seeing that said track was in proper condition," etc., is a necessary averment under the statute, is well made substantially in the language of the statute, and is sufficient, as has been expressly held, without averring the name of the person so entrusted. Whether the defect arose from defendant's personal negligence or of a person "entrusted" in that behalf, and if the latter, his name, are facts best known, in the nature of things, to the defendant; and the averment as here made is not only sufficient, in all cases, but in many it is the only averment that can be made.—*Columbus & Western Ry. Co. v. Bradford*, 86 Ala. 574, 579, 580; *Woodward Iron Co. v. Herndon, Admr.*, 114 Ala. 191, 215.

The 8th count was not open to the objections taken by the demurrer. It sufficiently charges damnifying negligence on the part of the defendant's engineer in the management of his engine, (*Railroad Co. v. York, supra*),—and it in effect avers the surname of the engineer and that his christian name is unknown to plaintiff. It was not necessary for plaintiff to aver that he had made diligent effort to ascertain the engineer's full name but had failed to ascertain it.

The witness Stewart was shown to be skilled and experienced in respect of track construction and track conditions. He was competent to give the opinions elicited from him to the effect that the track at the point of the derailment was in a defective and unsafe condition.

So with the witness Shea in respect of the speed of the train at the moment of derailment: He had long experience as a brakeman. His duties had to do with the regulation of the speed of the train under the varying circumstances of curve, grade and the like incident to a line of railway. He knew what was understood to be a safe rate of speed down the grade and around the curve at the point of this derailment. His experience especially qualified him to judge the speed of this train at that point. He was entitled as an expert to give his opinion on each of these matters, and to further state it as his opinion that the train, at the time and place in question, was running at a dangerously high speed, or, in other words, that the rate which he said it was going, about twenty miles an hour, was a dangerous rate of speed.

Each count of the complaint was supported by tendencies of the evidence, which made a case under each for the determination of the jury; and these tendencies were sufficiently strong in support of one or more of the counts as to render it impossible for us to affirm that the circuit court erred in overruling defendant's motion for a new trial in so far as that motion was rested on the ground that the verdict was contrary to or not sustained by the evidence. Nor can we affirm that the court erred in its conclusion that the verdict was not excessive in amount. Hence, our conclusion that the court properly refused to give the affirmative charge requested by the defendant upon the whole case and upon each count, and that the court did not err in overruling the motion for a new trial.

The case made by the evidence under the 6th count is essentially different from that of *Davis v. Miller*, 109 Ala. 589. There the overwhelming weight of evidence showed that the cause of the derailment was the presence of Miller's body under the cars, and not any defect in the

[Northern Alabama Railroad Co. v. Shea.]

track. Indeed, the evidence greatly preponderated to show that there was no defect. Here there is abundant evidence of a flagrantly defective condition of the track at the point of the derailment. But it is said that the evidence shows that these defects did not cause the derailment, for that it appeared beyond dispute that a wheel of one of the cars mounted a rail short of the point where the cars left the track and smashed it all to pieces, and that the defects shown in the evidence—rotten cross ties all along there, old, worn and inadequate rails, etc., etc.,—could not have possibly caused the wheel to mount the rail, but tended only to cause the rails to spread away from each other, the effect of which would have been obviously to let the wheels down on the ties between the rails, etc., etc. The fault of this position lies in its assumption that the mounting of a rail by a wheel of one of the cars was the beginning of the trouble and the cause of the derailment. This does not necessarily follow at all. *Non constat,* but this was itself caused by the derailment of cars in front of this one, or front wheels of this car. There was ample reason on the evidence for the jury to so find, to conclude that other cars in front of this, or wheels in front of this, left the track in consequence of its defective condition, and caused this wheel to mount the rail—that, in other words, this mounting of the rail was a consequence and not the cause of the derailment. Indeed that is the most reasonable conclusion open to the jury on the evidence. The fact that other trains passed safely over this track a short time before this occurrence did not preclude such finding by the jury: It may well be that these very preceding trains so aggravated the defective condition of the track as to render it incapable of bearing the weight and motion of the cars which were thrown off. Nor does the fact that the engine of this train, heavier than the cars, passed safely on this occasion demonstrate that the cars were not derailed in consequence of a defective track. It may well be that cars in a train, especially on a defective track, running down a steep grade around a curve, would have imparted to them a swaying, latteral, jerky motion more likely to spread a track or break light rails

attached to insecure—rotten—ties than would be the more regular and direct motion of the heavier engine.

One averment of the 6th count descriptive of the alleged defective condition of the track is that the rails were "insecurely fastened to the cross ties." It is insisted for appellant that there is no proof of this averment. We cannot concur in this view. The evidence was overwhelming that the ties were *rotten*. The jurors' common knowledge was sufficient to afford them neces-sary assurance that rotten wood will not hold a rail or spike, and to justify their finding that the rails were not securely spiked to this rotten wood.

There was evidence by the engineer himself that the proper speed coming down this grade and around this curve was eight or ten miles an hour. There was other evidence that he brought his train down there on this occasion at a speed of from fifteen to twenty miles an hour, and that this was an improper and dangerous speed. This was clearly sufficient to justify a finding on the part of the jury that he was guilty of negligence in the management and running of his engine.

On the question of plaintiff's alleged contributory negligence, the utmost that can be said is that there was some evidence tending to show that he was not duly diligent in putting on the brakes of which he had charge as the train ran down this grade, leaving it an issue for the jury under the 5th and 8th counts whether he was negligent in that respect, and, if so, whether such negligence contributed to this injury.

Trainmen do not assume the risks of defective track conditions. They have a right to assume that the track is safe. It is not their duty but the duty of other employes to keep it in proper condition. The acquaintance which trainmen are required to have with the premises, and to acquire which they are carried over the road on trains before being put in charge of trains, is more an acquaintance with the line, so to say, than with the *track*. They must know, and, in the way indicated, they are taught the conditions of the line in the respect of stations, stopping places, switches, sidings, grades, curves and distances. With these things they have to do; but

9c

not with the track itself in respect of its condition and maintenance. This plaintiff, a brakeman, was not charged with knowledge of the defects in this track, but, to the contrary, had a right to assume without investigation that the track was in good and safe condition. Charge 21 was, therefore, properly refused.—*Ga. Pac. Ry. Co. v. Davis,* 92 Ala. 300, 308, 309; *K. C. M. & B. R. R. Co. v. Webb,* 97 Ala. 157.

Charge 26 was also properly refused. We follow the example of appellant's counsel in pretermitting discussion of it.

Affirmed.

TYSON, SIMPSON and ANDERSON, J.J., concurring.