(89 South. 86)

### Ex parte TAUNTON. (5 Div. 784.)

(Supreme Court of Alabama. May 12, 1921.)

**I. Master and servant ⬀258(10)—Complaint held to state cause of action under statute for defect in ways.**

Count of complaint, alleging injury by a fall on an inclined way negligently allowed by the master mechanic to become defective, in that it was worn smooth, slick, and dangerous, *held* to state a cause of action under the employers' liability statute (Code 1907, § 3910, subd. 1), for a defect in the ways, works, machinery, or plant, not being grounded on subdivision 2.

**2. Appeal and error ⬀688(2) — Conduct of counsel, not shown in record, not presented for consideration.**

Conduct on the part of plaintiff's counsel, claimed to estop them from an insistence as to a count of the complaint, is not presented for consideration, where not shown in the record.

Certiorari to Court of Appeals.

Petition by L. A. Taunton for certiorari to the Court of Appeals to review and revise the judgment of said court, rendered on the appeal of Tallassee Falls Manufacturing Company v. L. A. Taunton (89 South. 87). Writ granted and judgment reversed and remanded.

The following is count B of the complaint:

Plaintiff claims of the defendant the sum of * * * damages for that on, to wit, * * * the defendant company was engaged in the manufacture of cotton goods at Tallassee, Ala., and plaintiff was employed by defendant company to work in the cotton Mills at said place; that the master mechanic, an employee of the defendant, but whose name is unknown to plaintiff, who was intrusted by the defendant with the duty of seeing that the ways, works,

and machinery were in proper condition, negligently caused or allowed an inclined· way or walk leading from waste room in said cotton mills into the shoddy room to become defective, in this, that it was worn smooth, slick, and dangerous to walk upon; that the plaintiff, while engaged in the employ of the defendant, and while acting within the scope of his employment, and while doing what was required of him by the superior officers or agents of the defendant company, was going down said incline walk or way leading from the waste room to the shoddy room, and as a proximate consequence of the defective condition of said walk or way, as aforesaid, plaintiff fell and broke his arm, and plaintiff avers that the negligence of the master mechanic, as aforesaid, was approximate cause of plaintiff's said injuries.

The sixth ground of demurrer is as follows:

Said count fails to aver that the negligence of the master mechanic arose while in the exercise of the said superintendence.

Holley & Milner and George F. Smoot, all of Wetumpka, for appellant.

Count B is framed under subdivision 1, § 3910, and is good. Section 3910, Code 1907; 142 Ala. 119, 37 South. 796.

W. A. Jordan, of Montgomery, and A. H. Davis, of Atlanta, Ga., for appellee.

The appellate court properly held count B bad. 115 Ala. 396, 22 South. 442.

PER CURIAM. The judgment in favor of L. A. Taunton against Tallassee Falls Manufacturing Company was reversed by the Court of Appeals, and this petition is for certiorari to review the decision of that court.

[1] The reversal was rested upon the action of the trial court in overruling demurrer to count B, which count was held by the Court of Appeals to be subject to the sixth ground of demurrer interposed thereto. Count B and the sixth assignment of demurrer will appear in the report of the case. The Court of Appeals construes this count as being grounded upon subdivision 2 of section 3910, known as the employers' liability statute. Upon a careful consideration of this count, however, we find ourselves unable to agree with this construction, but are persuaded that count B states a cause of action under subdivision 1 of the employers' liability statute, for a "defect in * * * the ways, works, machinery, or plant connected with, or used in the business of, the master or employer."

We think the averments as to the duties of the master mechanic, and the subsequent allegation as to his negligence in regard to the walkway, are to be construed in connection with the concluding paragraph of section 3910 of the Code of 1907, as found on page 602 of the Code, and not as indicating a reference to subdivision 2, which relates to the negligence of a superintendent. The following language is the concluding paragraph of section 3910:

"Nor is the master or employer liable under subdivision 1, unless the defect therein mentioned arose from,. or had not been discovered or remedied owing to the negligence of the master or employer, or of some person in the service of the master or employer, and intrusted by him with a duty of seeing that the ways, works, machinery, or plat were in proper condition."

It is to be noted that the language of this count in reference to the master mechanic very closely follows the concluding sentence of the foregoing statute.

What was·said by the court in the case of Northern Alabama Railway Co. v. Shea, 142 Ala. 119, 37 South. 796, treating count 6, suffices to demonstrate, we think, the sufficiency of count B as against the assignment of demurrer here in question.

[2] We have therefore reached the conclusion that the. Court of Appeals fell into error in holding that the sixth assignment of demurrer should have been sustained to count B, and in reversing the case therefor. If, as argued by appellee's counsel, there has been any such conduct on the part of counsel for plaintiff as to estop them from the foregoing insistence as to this count, nothing of such a character appears in the record, and therefore is not presented for consideration.

The writ of certiorari will be awarded, and the judgment of the Court of Appeals reversed, and the cause remanded.

Writ granted. Reversed and remanded.

All the Justices concur.