DANIEL GOINS v. THE STATE.

1. NEW TRIAL.—An application for new trial, based on newly-discovered testimony, must show that it is material and likely to affect the verdict, and must show due diligence or excuse want of diligence to obtain it on the trial.

2. ALIBI.—It seems that a defendant cannot excuse want of diligence in obtaining evidence to prove an alibi.

3. WITNESS UNDER THE RULE.—It is within the discretion of the District Court to permit a witness who had been under the rule, and who had been discharged and had been at large, to be recalled to explain his testimony.

APPEAL from Fayette. Tried below before the Hon. I. B. McFarland.

*R. H. Phelps* and *W. H. Ledbetter,* for appellant.

*Brown,* for the State.

GOULD, ASSOCIATE JUSTICE.—On the morning of October 3, 1873, before daylight, William Neese was killed by some one who had burglariously entered his storehouse at Round Top, in Fayette county. The appellant was tried under an indictment charging him with this murder, was convicted of murder in the first degree, and his punishment fixed at imprisonment for life. The leading question in the case is, whether the evidence sufficiently identifies the defendant as the murderer, and, as growing out of that, whether his application for a new trial should have been granted.

We have given the evidence and the record a careful

and protracted examination, and find nothing to justify us in saying that the court erred in refusing the new trial. It is not deemed necessary to discuss the evidence. It was mainly circumstantial, and was, we think, sufficient to justify the verdict, although there was evidence for the defense tending with some force to establish an alibi. The application for a new trial was supported by the affidavit of Alexander Campbell, tending also to establish the alibi. It fails, however, to allege facts inconsistent with defendant's guilt. That he saw defendant at preaching in Grimes county every Sunday in September and October might be true, and yet he might have committed the murder on Thursday, and might, for such is the theory of the prosecution, have committed a burglary in Fayette county on Wednesday night preceding. That he did not see any fresh scars during that time on defendant's forehead might be true, and yet the scars have escaped his attention, although he thinks he would have seen them if there. But aside from this, no sufficient diligence or excuse for the want of diligence is shown in regard to the evidence of Campbell or some one else to establish the alibi. It must have been known to defendant, from the time of his arrest, that it was all important. We know no rule of law which would justify the court in reversing this cause to give defendant an opportunity to procure evidence which he simply neglected to use proper diligence to have on the trial. It is also assigned for error that several charges asked were refused. We think that, in so far as they were material, they were substantially given by the court. The charge of the court is sufficiently full, and embodies in a concise form and in plain language the law of the case. It is further assigned as error that the court erred in allowing a witness for the State to be recalled after he had been discharged from the rule, not for the purpose of rebutting any testimony, but of explaining his first statements.

The bill of exceptions shows that the witness had to

be examined through an interpreter, and the interpreter stated, in open court, after the witness left the stand, that he thought the witness had been misunderstood. The bill of exceptions further stated, as a ground of objection to the recall of this witness, that he had been talked with after his first examination; but the statement is neutralized by the explanation of the presiding judge, that he knew nothing about the witness having been talked with.

The whole subject of the manner in which witnesses are to be kept whilst under the rule, the effect of a breach of the rule, and the reintroduction of witnesses after having been examined and discharged, is so much within the discretion of the presiding judge, that only in cases of its plain abuse will this action be revised. (Pas. Dig., arts. 3047, 3048, 3049; 1 Greenl. Ev., § 432; 1 Bish. Cr. Prac., secs. 1086–1089, and references.)

We think, under the circumstances of this case, when it appeared, by the suggestion of the interpreter, that the witness had failed to make himself understood, it was proper for the court to allow him to be reintroduced.

We find no error justifying us in reversing the case. The judgment is therefore affirmed.

AFFIRMED.