## G. McMILLAN *v.* THE STATE.

1. PRACTICE. — Subject to certain prescribed regulations, the general control of criminal trials is confided to the discretion of the judges who preside thereat; and on this court is devolved the duty of correcting abuses of that discretion to the prejudice of defendants.

2 SAME. — Witnesses may be placed under the rule at the instance of either party, and be kept in charge of an officer or allowed to go at large as the court may direct; and by like direction those for the prosecution may be kept separate from those for the defence.  A wide discretion over the subject is vested in the presiding judge, to the end that the integrity of the evidence may be protected against sinister influences; and the exercise of this discretion will not be revised on appeal, unless an abuse of it to the prejudice of the defendant be made to appear.

3. CHARGE OF THE COURT. — In a trial for felony the court below prominently propounded to the jury the inquiry whether, from the evidence they should find to be true, they could "reasonably conclude that the defendant is innocent," and in that event directed an acquittal, otherwise a conviction. *Held*, essentially erroneous and prejudicial to the defendant, because, overslaughing the presumption of innocence, it reversed the rule of law by requiring the jury to reach the conclusion of innocence before they could acquit.  See the opinion *in extenso*.

4. CHALLENGE. — A juror already accepted cannot be challenged peremptorily.

APPEAL from the District Court of Navarro. Tried below before the Hon. D. M. PRENDERGAST.

The appellant and one John Brown were jointly indicted for theft of a bale of cotton, worth $40, belonging to William Polk. A severance being awarded, the appellant was tried, found guilty, and his punishment assessed and adjudged at four years in the penitentiary.

The evidence was circumstantial and conflicting, but, not being reviewed by this court, need not be here detailed.

*Simkins & Simkins*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J. It is believed that the fourth and sixth assignments of error filed by appellant present the only questions necessary to be discussed in determining the validity or invalidity of the conviction in this case. These are : —

" 4. The court erred in allowing W. A. Polk to remain in court during the examination of witnesses, and then to be placed upon the stand in rebuttal, — the said witnesses having been all placed under the rule at the request of the State, and the said W. A. Polk being the principal prosecuting witness.

" 5. The court erred in giving instruction marked three in direct charges."

The general control, supervision, and direction of criminal trials is confided by the law to the sound discretion of the judges who preside thereat, subject to certain regulations prescribed by the Code ; and the correction of any abuse of discretion to the material injury of the defendant, when made to appear, to this court. On any trial, at the request of either party, the witnesses may be placed under

the rule, and those summoned for the prosecution may be kept separate from those summoned for the defence, if the court sees proper to so direct; and they may be placed in the custody of an officer, or be allowed to go at large, under a like discretion. Pasc. Dig., arts. 3047, 3048, 3049.

The language of these several provisions makes it clear, beyond question, that judges are vested with a wide discretion in all matters relating to this procedure, and that the fundamental purpose to be subserved is to preserve the integrity of the evidence, and to so guard its introduction that one witness shall not be affected by the testimony of those who may precede him. *Davis* v. *The State*, 6 Texas Ct. App. 196; *Ham* v. *The State*, 4 Texas Ct. App. 645; *Jones* v. *The State*, 3 Texas Ct. App. 150; *Brown* v. *The State*, 3 Texas Ct. App. 294; *Treadway* v. *The State*, 1 Texas Ct. App. 668; *Sherwood* v. *The State*, 42 Texas, 498; *Roach* v. *The State*, 41 Texas, 261; *Goins* v. *The State*, 41 Texas, 334; *Kemp* v. *The State*, 38 Texas, 110.

Applying these well-established principles to the case at bar, we fail to perceive in what manner this action of the court was an abuse of discretion calculated to affect any material right of the defendant. The witness permitted to remain in the court-room after his examination, and to testify in rebuttal, is not shown to be a person calculated to be affected by the testimony of others, and it may be inferred from the record that he was one of the most intelligent witnesses placed upon the stand.

It is complained, however, in the briefs of counsel, that his presence in the court-room during the progress of the trial served to intimidate the witnesses for the defence, and to encourage those for the prosecution. This does not appear from the record before us, and in its absence this court cannot assume its existence. The right to enforce the rule is a right given by law, and it should neither be denied nor substantially abridged at the arbitrary discretion of the presiding judge; but, in the absence of some showing

to that effect, we are not prepared to say that the action of the court was an error to the prejudice of the appellant.

That portion of the charge complained of is as follows: "Can the facts and circumstances you find from the evidence to be true exist, and can you, in view of these facts and circumstances, reasonably conclude that the defendant is innocent? If so, you should find him not guilty; otherwise you should find him guilty."

Immediately preceding this charge, the jury are substantially instructed as to the law of circumstantial testimony, and the paragraph objected to is succeeded by the usual instruction as to the presumption of innocence and the law of reasonable doubt. We deem the charge essentially erroneous, and to the prejudice of the defendant.

It was evidently the purpose of the learned judge to furnish the jury a concise test in the form of a question, the answer to which would solve the issue submitted to them; and had apt language been employed, the practice is one to be commended. But in the shape it was presented to the jury it reversed the rule of law, and devolved upon the jury the necessity of reaching a conclusion that the defendant was innocent before they could find him not guilty. This is never incumbent on a jury in a criminal prosecution. The law clothes the prisoner with the presumption of innocence, which continues throughout the trial and until the return of a verdict of conviction. It is never exacted of a jury that they should find the defendant innocent of the crime imputed to him, but the burden rests upon the prosecution throughout the trial to establish his guilt to their satisfaction. They need never conclude, reasonably or otherwise, that the defendant is innocent, but their functions are at an end when they reach a conclusion that the evidence fails to satisfy their minds that he is guilty under the law.

We cannot say that this instruction, qualified though it may have been in other parts of the charge, did not affect the finding and lead to the conviction of the defendant. It

constitutes the most salient feature in the charge, and was well calculated to impress itself upon the minds of ordinary jurors and to serve them as a guide in their deliberations.

No substantial errors are perceived in the rulings of the court upon the evidence as set out in the various bills of exception, nor in refusing to permit the defendant to peremptorily challenge a juror already accepted by him. Established practice requires that in such cases the challenge can be for cause only. *Horbach* v. *The State*, 43 Texas, 260.

For the error indicated in the charge, the judgment is reversed and the cause remanded.

*Reversed and remanded.*