**VAUGHN v. GULF INS. CO.**

No. 14227.

Court of Civil Appeals of Texas.
Fort Worth.

April 25, 1941.

Rehearing Denied May 30, 1941.

E. I. Key, of Denton, for appellant.
Judge Gambill, of Denton, for appellee.

McDONALD, Chief Justice.

This is an appeal by Arthur Vaughn, the defendant in the trial court, from an adverse judgment in a suit of trespass to try

title, brought by Gulf Insurance Company. No statement of facts has been filed in this court.

■ Appellant filed a plea in abatement, alleging that after the announcement by defendant of ready in the trial court, and after the selection of the jury, the defendant learned that one Luther Wilkinson was the owner of the land, and that the plaintiff, Gulf Insurance Company, was not the owner, and that the suit should be abated. The plea was overruled. The plea does not allege that plaintiff was not the owner of the land at the time the suit was filed.

"The judgment, orders, and rulings of the trial court are presumptively correct, and generally the appellate court will only consider matters shown by the record. Therefore, to procure a reversal an appellant must bring up a record which affirmatively shows that an error was committed, and that it was of such a nature as was calculated to injure him." 3 Tex.Jur. page 424. As has been stated, there is no statement of facts, and there is no allegation in the plea in abatement, and there is nothing in the transcript, to show that plaintiff was not the owner of the land when the suit was filed.

"It is a well-settled rule that, where the interest of either party to a suit is purchased after its commencement, the purchaser stands in the shoes of the party whose title has been conveyed to him; and the alienation pendente lite does not affect the progress or determination of the litigation. If the party who has conveyed his interest succeed in the litigation, the judgment inures to the benefit of his grantee. Hence, where the title of the plaintiff is conveyed while the suit is in progress, it proceeds in his name for the benefit of the purchaser." Smith v. Olsen, 92 Tex. 181, 46 S.W. 631, 632.

In 41 Tex.Jur. at page 481, will be found a statement of this rule, with citations of authorities supporting it.

■ Four of appellant's propositions complain of the failure of the trial court to submit certain specially requested issues. There being no statement of facts, appellant has not shown any error in this respect.

Two of appellant's propositions relate to the answers to the fourth, fifth and sixth issues, said issues, and the answers to them, being as follows:

"No. 4. Do you find from a preponderance of the evidence that Arthur Vaughn used or enjoyed the 3.57 acres tract of land for ten years continuously before December 8th, 1936? Answer. Yes.

"No. 5. Do you find from a preponderance of the evidence that Arthur Vaughn held the 3.57 acres tract of land in adverse possession before December 8th, 1936, as 'possession' and 'adverse possession' are hereinabove defined? Answer. Yes.

"No. 6. Do you find from a preponderance of the evidence that Arthur Vaughn held the 3.57 acres tract of land in adverse possession continuously for ten years before December 8th, 1936, as 'possession' and 'adverse possession' are hereinabove defined? Answer. No."

■ Appellant contends that he was entitled to judgment by virtue of the answers to the fourth and fifth issues. This contention is overruled. The fourth issue did not embody all of the elements required to establish a limitation title, even with the answer given to the fifth issue. Mere use and enjoyment of the premises was not enough to entitle appellant to judgment on the theory of a limitation title.

■ Appellant also contends that the answers to the fourth and sixth issues are so in conflict as to require a mistrial. Use and enjoyment of the premises does not necessarily constitute adverse possession thereof. For instance, a tenant might use and enjoy the premises, without holding adversely to the landlord.

■ Appellant complains of the fact that Luther Wilkinson, who was charged in the plea in abatement as being the owner of the property at the time of the trial, was, after the rule had been invoked as to witnesses, and over objection of appellant, allowed by the trial court to remain in the courtroom, and participate in the trial, and testify.

"There is no statute providing for placing witnesses 'under the rule' and excluding them from the courtroom in civil cases. The practice is, however, indulged under certain limitations and restrictions, as a heritage from the common law. The question of so excluding witnesses in particular cases, and the propriety of exempting certain classes of witnesses from the operation of the order or of permitting witnesses who have not been placed under the rule or who have violated the rule where it has been invoked is one that rests largely in the discretion of the trial judge, whose action will not be disturbed on appeal unless an abuse

resulting in injury to the complaining party is shown." 44 Tex.Jur. page 1088. It is also held that parties in interest may not be excluded from the courtroom though they are not parties to the suit. See 44 Tex.Jur. page 1090, and cases there cited. Particularly in the absence of a statement of facts, appellant has not shown any abuse of discretion on the part of the trial court in this respect.

Appellant's remaining proposition complains of the failure of the court stenographer to prepare a statement of facts. Appellant's only showing with respect to this consists of ex parte statements set out in the brief, relating to certain conversations and referring to certain correspondence between appellant's counsel and the court reporter. These conversations and this correspondence are not made a part of the record in any way. Although we do not believe that the question is properly before us, we nevertheless are of opinion that appellant has not shown a proper degree of diligence in his efforts to obtain the preparation of the statement of facts. The case was appealed upon an affidavit of inability to pay the costs. Appellant obtained in this court an extension of time within which to file the statement of facts. He made no effort to obtain from us a further extension of time. The record does not show any effort on the part of the appellant to compel the court reporter, by mandamus or other order of either this or the trial court, to prepare the statement of facts.

Appellant has failed to show such diligence as would require a reversal of the case.

Judgment of the trial court is affirmed.