## HIGHTOWER PETROLEUM CORP. v. STORY.

### No. 15210.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 26, 1951.

Rehearing Denied Feb. 23, 1951.

V. K. Wedgworth, Mineral Wells, for appellant.

E. F. Fruechte, Wichita Falls, for appellee.

CULVER, Justice.

This suit was brought by Jack L. Story, appellee, against Hightower Petroleum Corporation, appellant, and others, alleging that under the terms of a written contract the appellee drilled a certain oil well for appellant, Hightower Petroleum Corporation, in Jack County, for the contract price of $22,000, which was paid to him by appellant; that in addition various items of added work and materials had been performed and furnished, to which the plaintiff had agreed orally, the principal item being a charge for approximately five thousand feet of 5½ inch seamless casing at the agreed price of $2.50 per foot, or a total of $12,120.83.

The appellant in its answer admitted that the appellee was to furnish the 5½ inch casing, but alleges that the agreement contemplated new casing, whereas in fact the kind furnished by appellee was "reconversion" casing and of a market value of only $1 per foot. In addition the appellant filed its cross action alleging that if said well had been allowed to clean itself out properly, it would have been a valuable producer but that the appellee negligently and fraudulently choked off the flow of said oil before it had time to clean out the well and thus caused it to become so choked that it would not flow; and prayed for damages on his cross action against appellee in the sum of $25,000.

It being made to appear to the trial court by the pleadings of appellant that it was a foreign corporation without a permit to do business in Texas, the court on proper motion dismissed its cross action without prejudice.

The case was tried to a jury on special issues, all of which were answered favorably to appellee and the court thereupon rendered judgment in favor of appellee against appellant in the amount prayed for, with foreclosure of a mechanic's lien.

Appellant complains first of the trial court's action in dismissing its cross action, because it was a foreign corporation and had no permit to do business in Texas. This assignment is overruled. A foreign corporation without a permit to do business in Texas cannot maintain any suit or action, either legal or equitable in any court of this State upon any demand, which arose in whole or in part within the State. Article 1536, Vernon's Ann.Civ.St. The fact that appellant's claim is made in the nature of a cross action cannot afford it any relief from the plain wording of the statute. The appellant's cross action is founded in tort and seeks recovery of $25,000 damages. The court's action in dismissing this cross action without prejudice was correct. Cosey v. Supreme Camp of American Woodmen, Tex.Civ.App., 103 S.W.2d 1076, 1078; Normandie Oil Corp. v. Oil Trading Co., 139 Tex. 402, 163 S.W.2d 179. In the former case this court said: "We think, therefore, in so far as its right to recover on the cross action is concerned, the same rule would apply as if it had instituted the suit alleging it was a foreign corporation."

In its second and third assignments of error, appellant asserts that the court erred in refusing to submit to the jury the question as to whether the 5½ inch casing was "reconversion" casing and in rendering judgment in favor of appellee for the "full price claimed by plaintiff." Both of these

assignments are overruled. Appellant apparently took no exceptions to the court's charge and the case is before us without a statement of facts. We are unable to see what issues of fact were made upon the trial and therefore no error is disclosed. Ferrell v. Texas Employers' Ins. Ass'n, Tex.Civ. App., 194 S.W.2d 585; Vaughn v. Gulf Ins. Co., Tex.Civ.App., 151 S.W.2d 227.

The judgment of the trial court is therefore affirmed.