Gallegos v. Gallegos 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-270-CV

     LORETTA JEAN GALLEGOS,
                                                                                              Appellant
     v.

     JAVIER JOSE GALLEGOS,
                                                                                              Appellee
 

From the 77th District Court
Freestone County, Texas
Trial Court # 91-201-B
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Loretta Gallegos appeals from an order of the trial court modifying child
conservatorship and child support.
      Loretta Gallegos and Appellee Javier Jose Gallegos were divorced in September 1991. The
decree appointed them joint-managing conservators of their three children, ages 10, 5, and 4. 
Appellant was given primary custody and control of the children. Appellee was ordered to pay
$400 per month child support.
      On December 22, 1994, Appellee filed a motion to modify custody alleging a change of
circumstances since the date of the divorce; that the original order was unworkable or
inappropriate under existing circumstances; and sought to be appointed sole managing conservator
of the three children. On January 6, 1995, Appellant filed a motion to modify and increase child
support payments.
      The case was tried to the court who, by order of August 17, 1995, continued the parties as
joint-managing conservators in name; gave Appellee possession of the children every weekend
from 4:00 p.m. on Friday until 6:00 p.m. on Sunday; plus Monday through Thursday of each
week from 4:00 p.m. until 8:00 p.m.; plus 30 days in July (except for one weekend); and every
other Thanksgiving and Christmas.
      The court also removed Appellee's existing $400 per month child support obligation and
decreed that no monthly support would be paid.
      Appellant appeals on two points of error:
      Point 1: "The court abused its discretion in effecting a de facto modification of
conservatorship."
      Point 2: "The trial court abused it discretion in failing to render Appellee's support obligation
at $850 per month, which was mandated as a matter of law on uncontroverted evidence, or,
alternatively, the court's failure was against the great weight and preponderance of the evidence."
      The test for abuse of discretion is whether the trial court acted without reference to any
guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). The mere fact
that a trial judge may decide a matter within his discretionary authority in a different manner than
an appellate judge in similar circumstances does not demonstrate that an abuse of discretion has
occurred. Southwestern Bell Telephone Co. v. Johnson, 389 S.W.2d 645, 648 (Tex. 1965).
      The evidence reflected that for about two years after the divorce, Appellee had standard
visitation with the children plus a great deal more time by agreement of Appellant. Appellee
remarried and after his remarriage his visitation was pretty-well restricted by Appellant to the
standard visitation in the divorce decree.
      Appellee was earning $28,000 per year at the time of the divorce, and earning about $45,600
at the time of the modification hearing. Appellant testified she would be receptive for Appellee
and his wife to receive more time with the children.
      Appellant is a nurse and was working some 64 hours per week and made nearly $50,000
during the year prior to the hearing. Appellant works 40 hours per week in the local hospital and
has been going to Houston on weekends working two 12-hour shifts there. She testified that, if
her child support from Appellee could be increased by $400 per month, the extra $400 would
enable her to stop going to Houston.
      The trial court found that the circumstances of the children and one or more of the joint-managing conservators had materially and substantially changed since the divorce; that the decree
was unworkable or inappropriate under the existing circumstances; and that modification would
be in the best interest of the children.
      The court then awarded Appellee possession of the children every weekend, Friday at 4:00
p.m. until Sunday at 6:00 p.m.; Monday through Thursday from 4:00 p.m. until 8:00 p.m.; and
stated that as a result of Appellee's increased visitation there will be no child support; that
Appellee shall continue to maintain medical and dental insurance on the children; and Appellant
was ordered to pay 100% of any uninsured medical and dental bills.
      Appellant had sought to be named managing conservator. Had this occurred Appellant would
have been appointed possessory conservator with considerable more time with the children than
she received under the trial court's order.
      The trial court, by its order, left the parties as joint-managing conservators in name, but
accomplished a de facto modification of conservatorship by removing all practical visitation from
Appellant and giving virtually all of the children's free time to Appellee, totally removing
Appellee's obligation to pay any child support and, as noted, leaving Appellant with less time than
she would have had under Family Code guidelines as a possessory conservator of the children.
      Applying the law cited, supra, to the facts herein, we conclude that the trial court's order was
unreasonable.
      We sustain Appellant's points. The trial court's modificatiom order is vacated; the parties'
September 1991 order is reinstated; and Appellee's and Appellant's motions for modification are
remanded to the trial court for another trial.
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Reversed and remanded with instructions
Opinion delivered and filed June 12, 1996
Do not publish