Gary Walp and Otherss Similarly Situated v. Tex. Bd. of Pardons & Paroles















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-173-CV

     GARY WALP,                                                                                                                                                                Appellant
     v.

     TEXAS BOARD OF PARDONS & PAROLES,
                                                                              Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 31,380
                                                                                                                
 
O P I N I O N
                                                                                                                
   
      Appellant Walp appeals an order of the trial court dismissing his pro se in forma pauperis
lawsuit with prejudice.
      Appellant, a prison inmate, filed suit against the Texas Board of Pardons and Paroles asserting
that since the State finished its prison expansion project which opened up thousands of beds, the
Board had: (1) required violent and sexual offenders to serve more of their sentences than other
inmates; (2) arbitrarily and capriciously denied parole to violent and sexual offenders without a
review; (3) failed to adopt rules to provide for appointment of attorneys to represent inmates at
parole hearings, placing unrepresented inmates at a disadvantage in comparison to inmates who
had retained counsel; and (4) implemented a super-intensive supervision program which requires
inmates released under the program to be electronically monitored, which is a condition of parole
that did not exist at the time of their offense, and is violative of the ex post facto clause.
      Appellant sought declaratory and injunctive relief to include: adjudication that the Board‘s
actions violate the State Constitution; enjoining the Board from abolishing the parole “actually or
constructively” for violent and sex offenders; enjoining the Board from applying super-intensive
supervision retroactively; and ordering the Board to give fair and equal treatment to prisoners not
represented by counsel with those represented by counsel.
      The Board filed a motion to dismiss Appellant’s lawsuit asserting: (1) lack of jurisdiction; (2)
sovereign immunity; (3) suit frivolous under Section 14 of the Texas Civil Practice & Remedies
Code; and (4) no violation of the ex post facto clause.
      The trial court granted the Board’s motion and dismissed appellant’s lawsuit with prejudice.
      Appellant appeals on seven points of error:
      (1) The trial court abused its discretion in granting defendant’s motion to dismiss based on
lack of jurisdiction;
      (2) The trial court abused its discretion in granting defendant’s motion to dismiss based on
plaintiff’s failure to state a cause of action; and
      (3) The trial court abused its discretion in granting defendant’s motion to dismiss based on
plaintiff’s failure to provide an affidavit of previous filings. 
      Subject to review for abuse of discretion, a court may dismiss a pro se in forma pauperis
lawsuit filed by a prisoner over which the court has no jurisdiction or which has no arguable basis
in law or fact. Tex. Civ. Prac. & Rem. Code, § 14.003; Hickson v. Moya, 926 S.W.2d 397
(Tex. App.—Waco 1996, no writ). Abuse of discretion is determined by whether the court acted
without reference to any guiding principles. Craddock v. Sunshine Bus Lines, 133 S.W.2d 124,
126 (Tex. 1939). That an appellate court might have decided a matter differently does not
demonstrate an abuse of discretion on the trial court’s part. S.W. Bell Telephone Co. v. Johnson,
389 S.W.2d 645, 648 (Tex. 1965).
      A suit brought to control state actions or to subject the state to liability is not maintainable
without legislative consent or statutory authorization. Dept. of Agriculture v. Printing Industries
Ass’n, 600 S.W.2d 264, 265 (Tex. 1980). The Board of Pardons and Paroles, as a state agency,
is entitled to the same sovereign immunity enjoyed by the State of Texas. Bogg v. Univ. Tex.
Medical Branch, 726 S.W.2d 582, 584 (Tex. App.—Houston [14th Dist.] writ ref’d. n.r.e.).
      Where a plaintiff seeks injunctive relief that involves an activity of a state agency, he must
sue some individual in authority at that agency; he may not sue the agency itself. Bogg, supra at
584-85. 
      The trial court did not abuse its discretion in granting the Board’s motion to dismiss based on
lack of jurisdiction or failure to state a cause of action.
      Appellant did provide an affidavit of previous filings; thus the trial court did not grant the
Board’s motion based on Appellant’s failure to provide an affidavit of previous filings.
      Points 1, 2 and 3 are overruled.
      Point 4: “The trial court abused its discretion in granting defendant’s motion to dismiss based
on plaintiff’s failure to show a liberty interest in parole.”
      Texas law does not create any liberty interest in parole that is protected by the due process
clause. Albin v. Kyle, 66 F.3rd 71, 74 (5th Cir. 1995).
      Point 4 is overruled.
      Point 5: “The trial court abused its discretion in granting defendant’s motion to dismiss based
on plaintiff’s failure to show an ex post facto violation.”
      Any change in the method under which the release on parole is determined does not implicate
the ex post clause of the Constitution. California Dept. of Corrections v. Morales, 115 S.Ct. 1597
(1995). Moreover, the ex post facto clause applies only to legislative acts. U.S. v. Oliveres-Martinez, 767 F.2d 1135 (5th Cir. 1985).
      Point 5 is overruled.
      Point 6: “The trial court abused its discretion in granting defendant’s motion to dismiss based
on plaintiff having no standing to challenge the super-intensive supervision program.”
      A person has standing where he or she is personally aggrieved. Nootsie v. Williamson County
Appraisal District, 925 S.W.2d 659, 661 (Tex. 1996). The test for standing requires that there
be a real controversy between the parties, which will be actually determined by the judicial
declaration sought. Tex. Ass’n of Bus. v. Tex. Air Control Board, 852 S.W.2d 440, 446 (Tex.
1993). The appropriate time for an appellant to assert this cause of action is when and if he is
released and is required to submit to the more stringent parole requirements. Appellant lacks
standing at this time to assert this claim. The trial court did not abuse its discretion to dismiss
Appellant’s action on this ground.
      Point 6 is overruled.
      Point 7: “The trial court abused its discretion in granting defendant’s motion to dismiss based
on plaintiff’s failure to show an equal protection violation.”
      Appellant asserts the Board did not refute that he was subject to disparate treatment due to
lack of appointed counsel. Appellant had the burden to show that a fundamental right was being
abridged. He did not allege facts that representation by counsel during the parole process is a
fundamental right.
      Point 7 is overruled. The judgment is affirmed
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed January 13, 1999
Do not publish